UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN,<br><br>   Respondent. | No. CV 12-1289 SJO (FFM)<br><br>ORDER RE SUMMARY<br>DISMISSAL OF ACTION |

On February 14, 2012, petitioner filed what is captioned a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), utilizing a state court form for such habeas petition.

As best the Court can glean from the face of the Petition, petitioner is attempting to assert two claims in the Petition. The first claim alleges that plaintiff has been refused a mattress that would be more comfortable for his back. The second claim challenges a 2002 disciplinary finding. Neither claim is properly presented here and, for the following reasons, the Petition should be dismissed without prejudice.

///
///
///
///

### 1. The First Claim Does Not Challenge Petitioner's Incarceration

Petitioner's first claim relating to his mattress is not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's first claim is directed to conditions of confinement allegedly experienced by petitioner while incarcerated at Pelican Bay State Prison in Crescent City, California ("PBSP").

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. at 498-99); *see also Young v. Kenny*, 907 F.2d 874, 875 n.1 (1990). Petitioner's first claim as presently alleged does not raise a cognizable habeas claim because it does not implicate the legality or duration of confinement, but rather concerns the conditions of confinement.

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). *But cf.* 42 U.S.C. § 1997e (a) (requiring prisoners to exhaust administrative remedies before filing action with respect to prison conditions). In this instance, however, the Court chooses not to exercise such discretion, because venue of petitioner's claim directed to conditions of his confinement allegedly experienced at PBSP does not lie in this district. Because Crescent City is located in Del Norte County, any such claim must be brought in the Northern District of California. *See* 28 U.S.C. §§ 84 (a) and 1391(b).

### 2. Petitioner's Second Claim Is Unexhausted

Petitioner's second claim appears to challenge a decision made at a disciplinary hearing in 2002. Petitioner contends that he elected not to dispute the charge of fighting at the time of the hearing because he had been sentenced to 16

years to life. Petitioner now is concerned that the ensuing finding of guilt may hamper his prospects for parole.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

/ / /

/ / /

1    Petitioner has the burden of demonstrating that he has exhausted available
2 state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982).
3 Here, it plainly appears from the face of the Petition that petitioner cannot meet
4 this burden with respect to his second claim. Petitioner alleges that he has not
5 filed any habeas petition in the California Supreme Court. (Petition at 5 of 6.)
6    Because petitioner has not raised any of his present claims with the
7 California Supreme Court, the Petition is entirely unexhausted.
8    If it were clear that the California Supreme Court would hold that
9 petitioner's unexhausted federal constitutional claims were procedurally barred
10 under state law, then the exhaustion requirement would be satisfied. In that event,
11 although the exhaustion impediment to consideration of petitioner's claims on the
12 merits would be removed, federal habeas review of the claims would still be
13 barred unless petitioner could demonstrate "cause" for the default and "actual
14 prejudice" as a result of the alleged violation of federal law, or demonstrate that
15 failure to consider the claims would result in a "fundamental miscarriage of
16 justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.
17 Ed. 2d 640 (1991). However, it is not "clear" here that the California Supreme
18 Court will hold that petitioner's federal constitutional claims are procedurally
19 barred under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993)
20 (granting habeas relief where petitioner claimed sentencing error, even though the
21 alleged sentencing error could have been raised on direct appeal); *People v.*
22 *Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental
23 constitutional rights have been violated may be raised by state habeas petition).
24    The Court therefore concludes that this is not an appropriate case for
25 invocation of either exception to the exhaustion requirement regarding the
26 existence of an effective state corrective process.
27    Therefore, the second claim also is subject to dismissal.
28 / / /

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice.

DATED: February 23, 2012

*S. James Otero*

_____
JAMES S. OTERO
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge